IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DE'ARCEY JAMUL STEWART, | ) | No. C 09-1527 JSW (PR) |
| | ) | |
| Plaintiff, | ) | **ORDER OF SERVICE AND DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE THAT SUCH MOTION IS NOT WARRANTED** |
| v. | ) | |
| M. S. EVANS; SGT. NILSON; CORRECTIONAL OFFICERS REYNOSO, CRIPE AND BLAIR; D. KAUFMAN; B. O'KELLEY; AND "JOHN DOES" 1-12, | ) | (Docket Nos. 2, 3) |
| Defendants. | | |

## INTRODUCTION

Plaintiff, a prisoner of the State of California currently incarcerated at Calpatria State Prison, in Calpatria, California, filed this pro se civil rights complaint under 42 U.S.C § 1983 regarding the conditions of his confinement at Salinas Valley State Prison. Plaintiff's motion to proceed *in forma pauperis* is GRANTED (docket no. 2) in a separate order filed simultaneously. This Court now reviews the Complaint pursuant to 28 U.S.C. § 1915A and serves the complaint. Plaintiff's motion seeking appointment of counsel is DENIED for the reasons set forth below (docket no. 3).

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or

fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

In this action, Plaintiff alleges that Defendants have violated his right to due process and to be free from cruel and unusual punishment by the manner in which Plaintiff was subjected to a contraband search and the conditions of his confinement during the search, when Plaintiff informed the responsible parties that he had been shot and had a bullet still lodged in his body.

Having reviewed the complaint, the Court finds Plaintiff's allegations, when liberally construed, state a cognizable claim that the named Defendants violated his constitutional rights to due process and freedom from cruel and unusual punishment.  Accordingly, the claims against these Defendants will be served, as set forth below.

With regard to the "John Doe" Defendants 1-12, unless and until Plaintiff is able to identify them, his claims cannot proceed.  Although the use of Doe defendants is acceptable to withstand dismissal of the complaint at this stage of review, it creates a separate problem:  those persons cannot be served with process in this action until they are identified by their real names.  Plaintiff must promptly take steps to discover the names of the unnamed "John Doe" Defendants and provide that information to the Court in an amendment to his pleading.  The burden remains on the Plaintiff; the Court will not undertake to investigate the names and identities of unnamed Defendants.   Plaintiff will be afforded sixty (60) days in which to provide the identity of  "John Does" 1-12.

1  Failure to provide those names within that time will result in the dismissal of those
2  Defendants from this action.

### MOTION FOR COUNSEL

Plaintiff has filed a motion seeking appointment of counsel to represent him (docket no. 3). Plaintiff contends he has inadequate legal training or time in the law library and that his stutter will affect his ability to represent himself at trial. However, there is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). A court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).

The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of the "exceptional circumstances" of the plaintiff seeking assistance requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.* Plaintiff's motion is DENIED without prejudice, for want of exceptional circumstances (docket no. 3).

### CONCLUSION

For the foregoing reasons, the Court orders as follows:

3

1. The Clerk of the Court shall issue summons and the United States Marshal shall Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the Complaint and all attachments thereto, and a copy of this order upon: **M. S. Evans, Warden; Sgt. Nilson; Correctional Officers Reynoso, Cripe and Blair; D. Kaufman, R.N.; B. O'Kelley, L.V.N.**; at **Pelican Bay State Prison.** The Clerk shall also <u>mail a courtesy copy of the Complaint, all attachments thereto, and this order to the San Francisco City Attorney's Office</u> and serve a copy of this order on Plaintiff.

3. No later than **sixty (60) days** from the date of this order, Defendant shall either file a motion for summary judgment or other dispositive motion, or a notice to the Court that he/she is of the opinion that this matter cannot be resolved by dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

    a. If Defendant elects to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendant **shall** do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 & n.4 (9th Cir. 2003).

    b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. **<u>Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendant is of the opinion that this case cannot be resolved by summary judgment, she/he shall so inform the Court prior to the date the summary judgment motion is due</u>**.

All papers filed with the Court shall be promptly served on the Plaintiff.

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **thirty (30) days** from the date Defendant's motion is

4

filed.

    a. In the event the Defendant files an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 & n.4 (9th Cir. 2003):

> If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.
> You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.
> If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.

    b. In the event Defendant files a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to pro se Plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with

5

evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendant's motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendant shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendant's counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

This order terminates Docket No. 2.

IT IS SO ORDERED.

DATED: October 8, 2009

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DE'ARCEY J. STEWART,

    Plaintiff,

v.

M.S. EVANS et al,

    Defendant.

Case Number: CV09-01527 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 8, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

De'Arcey Jamul Stewart
J15499
P.O. Box 5002
Calipatria, CA 92233

Dated: October 8, 2009

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk