

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DE'ARCEY JAMUL STEWART, ) | No. C 09-1527 JSW |
| Plaintiff, ) | **ORDER DENYING MOTION TO DISMISS AND RESOLVING MOTIONS SEEKING EXTENSIONS OF TIME, DISCOVERY AND A PROTECTIVE ORDER** |
| v. ) | |
| M.S. EVANS, et al., ) | |
| Defendants. ) | (Docket Nos. 7, 13, 15, 18, 21, 22, 25, 30, 34, 40, 41) |

This is a civil rights case filed *pro se* by a state prisoner incarcerated at Salinas Valley State Prison ("SVSP"). Plaintiff contends that Defendants violated his rights to due process and be free from cruel and unusual punishment by the manner in which he was subjected to a contraband search and the conditions of his confinement during the search. On October 8, 2009, this Court ordered service of the complaint on named Defendants.

On February 5, 2010, Defendants filed an unenumerated motion to dismiss the complaint (docket nos. 18, 21). In the motion, Defendants contend that Plaintiff failed to exhaust administrative remedies as to the claims raised in the complaint. Plaintiff has filed an opposition to the motion and Defendants have filed a reply. For the reasons set forth below, Defendants' motion is GRANTED (docket nos. 18, 21).

Plaintiff has also filed two motions seeking an extension of time to provide

identities of "John Doe" Defendants (docket nos. 7, 13). In addition, both Plaintiff and Defendants have moved for a protective order and Plaintiff has moved to compel discovery (docket nos. 15, 22, 40, 41). Defendants responded to Plaintiff's protective order by moving to stay discovery, but have not otherwise filed an opposition to Plaintiff's motion to compel. The motions are now DENIED as moot (docket nos. 7, 13, 15, 22, 40, 41).

Plaintiff's motion for an extension of time to file an opposition (docket no. 25) and Defendant's motion for an extension of time to file a reply (docket no. 30) are GRANTED (docket nos. 25, 30) and their subsequent filings are deemed timely filed. Plaintiff's motion in opposition to Defendant's extension is DENIED (docket no. 34).

## BACKGROUND

Defendants file a motion to dismiss the complaint, alleging that Plaintiff has failed to administratively exhaust his claims, as required by the Prison Litigation Reform Act. In support of the motion, Defendants provide a sworn declaration from Steven Smith, Correctional Counselor II in the Inmate Appeals Office (IAO) of SVSP (docket no. 19). In his declaration, Smith states that he serves as one of the authorized custodians of record in the IAO at SVSP and that his office maintains a log of all inmate appeals filed and processed from the first formal level through the second level of review. Declaration of Steven Smith ("Smith Decl.") in Support of Motion at 1. Appeals filed at the third level of review are processed in the Inmate Appeals Branch in Sacramento. *Id* at 2. When an appeal is received by the IAO at SVSP and accepted for review, it is given an appeal number and logged into the system for processing. *Id.* The inmate appeal records are made at or near the time that the inmate grievance is received and are made by a person with knowledge of the records, in the regular course of business. *Id.*

Smith searched the records of SVSP for appeals submitted by Plaintiff and accepted for processing by the IAO. *Id.* Smith provides a true and correct copy of all of

Plaintiff's inmate appeals that were received and accepted for review by the IAO at SVSP during the time Plaintiff was incarcerated there. Smith Decl., Exhibit A ("Exh. A"). Only one of Plaintiff's appeals was filed after the incident that gave rise to the complaint and that complaint involved phone call policies. Smith Decl. at 2. Smith declares that there is no evidence from reviewing Plaintiff's record of any appeal with regard to this claim being submitted, rejected, or cancelled. *Id.* However, Smith does not specify in the declaration whether it is the practice of the IAO to document all appeals that are submitted, regardless of whether they are screened out and returned to the inmate who submitted them instead of accepted for review. In their reply, Defendants submit additional declarations from E. Medina, Inmate Appeals Coordinator at SVSP and D. Foston, Chief of the Inmate Appeals Branch of CDCR in Sacramento. Medina declares that if Plaintiff's appeal had been rejected or cancelled, that information would be documented in the official records, but their was no information in Plaintiff's record pf rejected or cancelled appeals at that time. E. Medina Declaration in Support of Reply ("Medina Decl.") at 3. Medina also states that when an inmate's request for an interview is received, the request is stamped with the date received and a signed response is returned to the inmate, ordinarily within three working days. *Id.* There is no record of a request for interview from Plaintiff in Appeals Office records regarding this matter. Medina declares that it would be "highly unusual for an inmate not to receive a response to an interview request." *Id.*

Plaintiff has submitted a sworn opposition to the motion to dismiss, as well as a separate declaration in support thereof. Plaintiff's Motion in Opposition, docket nos. 27, 28. In his opposition to the motion, Plaintiff alleges that on Monday, May 26, 2008, Plaintiff was an inmate at Salinas Valley State Prison (SVSP) and was placed on contraband watch and remained so until June 6, 2008, when Plaintiff was taken to an hospital and given an X-ray and cleared. Plaintiff's Declaration ("Plaintiff Decl.") in Support of Opposition at 1. Prior to being placed on contraband watch, Plaintiff had

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

been searched with a metal detector which had gone off, but he was denied an x-ray by prison staff although he had informed them that he was not hiding contraband, but instead had a bullet lodged in his body. *Id.*

On June 16, 2008, Plaintiff submitted a California Department of Corrections and Rehabilitation (CDCR) 602 appeal form "into the grey appeals box located in building C-3. It was in the early morning on the second watch shift." *Id.* at 2. Plaintiff declares that the copy was signed, dated, and addressed to the appeals coordinator. Plaintiff has attached a copy of the front side of the appeal as Exhibit B in support of the complaint.

On June 26, 2008, Plaintiff submitted a GA-22 Inmate Request for Interview form to the appeals coordinator, along with a complete two-sided copy of the original June 16, 2008 602 appeal. *Id.* Plaintiff also placed a fresh signature and date on the 602 form. Plaintiff did this in order to "check the status of my [original June 16] appeal and obtain a notice slip and log number." *Id.* Plaintiff placed both documents into an envelope addressed to the appeals coordinator and "handed it to building C-3 staff for mailing to the appeals coordinator at that evening's mail pick up." *Id.* Plaintiff maintains that he has previously been denied the right to copy his appeals by staff at SVSP, because a "602 appeal is not considered legal material." He had obtained a two-sided copy of his June 16 appeal form, but when he submitted the interview request on June 26, 2008, he was unable to obtain a copy of both sides of the form. *Id.* at 2-3.

On July 6, 2008, Plaintiff wrote Warden Evans that he had made prior attempts to address the contraband watch issue with appeals staff to no avail. *Id.* at 4. On July 8, 2008, Plaintiff received a response from the Warden of SVSP. *Id.* The Warden's response informed Plaintiff that letter did not constitute an second-level appeal and that he had to abide by established prison procedure for filing an appeal. *Id.*

On July 14, 2008, Plaintiff sent another GA-22 Inmate Request for Interview to the SVSP appeals coordinator inquiring as to the status of his 602 appeal, and seeking a

notice slip and log number. *Id.* Plaintiff handed the form in a CDC envelope to "building C-3 staff for mailing to the appeals coordinator at that evenings [sic] mail pick up." Plaintiff never received a response from the appeals coordinator. *Id.*

On July 17, 2008, Plaintiff wrote to the SVSP warden, responding to the memo he had received from him on July 8, 2008. In his letter, Plaintiff notified the warden that he had submitted a 602 appeal on June 16, 2008, but had not received a log number or any response letting him know the status of his 602. *Id.* Plaintiff requested that the warden have the appeals coordinator process his appeal and forward him the log number. *Id.* A copy of the letter is attached to Plaintiff's complaint as Exhibit B. Plaintiff mailed the letter to the warden through legal mail. *Id.* Plaintiff states that he received no response to his second letter to the warden. *Id.* at 4-5.

On August 13, 2008, Plaintiff wrote the Director of the CDCR. *Id.* at 5. In the letter, he informed the Director of CDCR that he had received no log number or response despite several requests and requested that the Director "force SVSP officials to comply with the established process and accept and log my 602." *Id.* Plaintiff attached his original 602, as well as a new 602 for filing. A copy of Plaintiff's letter is attached to the complaint as Exhibit B. The Director's response informed Plaintiff that his appeal did not comply with the established appeal procedures in California Code of Regulations (CCR) Title 15, Article 8, and was thus screened out. *Id.* Plaintiff was advised that he needed to have his appeal completed at the second level of review before filing with the Director of CDCR. *Id.*

In the motion, Defendants claim that Plaintiff has failed to specifically identify an inmate appeal or provide a copy that he lodged with the Inmate Appeals Office which the office accepted and considered for review. Defendants also argue that Plaintiff knows how to properly file an inmate appeal and complete it through the highest level of review because he had filed at least eight appeals before June 2008. *Id.* They argue that Plaintiff's attempts to follow up on the appeal by writing letters to the

Warden and to the IAB in Sacramento do not excuse him from complying with the department's rules for completing the grievance process. *Id.*

Plaintiff argues in opposition that the evidence provided by Defendants is inadequate to establish that the plaintiff failed to exhaust his available remedies. Opposition at 7. Plaintiff contends that Defendants do not deny that the Plaintiff gave his appeal to prison officials for forwarding to the appeals office, only that it was not received. *Id.* Plaintiff argues that his efforts were sufficient to exhaust the available administrative remedies, although those efforts were thwarted by prison officials, and no further remedies are available to plaintiff within the meaning of 1997(e). *Id.* at 10. Because non-exhaustion is an affirmative defense, Plaintiff argues that Defendants have failed to demonstrate that pertinent relief remained available to him. *Id.* at 11.

Defendants filed a reply to the opposition. Defendants argue that Plaintiff failed to exhaust his complaint, as he never submitted an appeal to the second or third formal levels of review. Reply at 3. Further, Plaintiff was aware that the complaint was unexhausted because he never received any acknowledgment of the 602 appeal that he claimed to have sent in the first place. *Id.* Defendants argue that Warden Evans' response to the Plaintiff letter told him what he needed to do to pursue an inmate appeal in this case. *Id.* at 6. Defendants further argue that Plaintiff has not put forth evidence to establish that prison officials refused to process his appeal or prevented him from exhausting his appeal, and further, no evidence to support his claim that he exhausted in this case. *Id.* at 8-9.

## DISCUSSION

### A.    Standard of Review

The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are

exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. *Porter v Nussle*, 122 S. Ct. 983, 988 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Id.* (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. *Id.*; *Booth v Churner*, 532 U.S. 731, 741 (2001). Similarly, exhaustion is a prerequisite to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter*, 122 S. Ct. at 992. An action must be dismissed unless the prisoner exhausted his available administrative remedies *before* he or she filed suit, even if the prisoner fully exhausts while the suit is pending. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002); *see Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before the prisoner sends his complaint to the court it will be dismissed even if exhaustion is completed by the time the complaint is actually filed).

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. *See id.* § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. *See id.* § 3084.5; *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). A final decision at the director's level satisfied the exhaustion requirement under § 1997e(a). *Id.* at 1237-

38.

Nonexhaustion under § 1997e(a) is an affirmative defense. *Wyatt v Terhune*, 315 F.3d 1108, 1119 (9th Cir 2003) (noting that the burden of establishing nonexhaustion falls on the defendants). It should be treated as a matter of abatement and brought in an "unenumerated Rule 12(b) motion rather than [in] a motion for summary judgment." *Id.* (citations omitted). In deciding a motion to dismiss for failure to exhaust administrative remedies under § 1997e(a), the court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. If the court concludes that the prisoner has not exhausted California's prison administrative process, the proper remedy is dismissal without prejudice. *Id.* at 1120.

Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy and effective." *Porter*, 534 U.S. at 524; *Booth v. Churner,* 532 U.S. 731, 739-40 & n.5 (2001). The obligation to exhaust persists as long as some remedy is available; when that is no longer the case, the prisoner need not further pursue the grievance. *Brown v. Valoff*, 422 F.3d 926, 934-35 (9th Cir. 2005). A prisoner need not exhaust further levels of review once he has either received all the remedies that are "available" at an intermediate level of review, or has been reliably informed by an administrator that no more remedies are available. *Id.* at 935. For instance, there was no need to exhaust further levels of review after an inmate received a form rejecting his appeal at the first formal level as untimely filed and ⋅ the form did not permit him to appeal that decision. *Marella v. Terhune*, 568 F.3d 1024, 1026 (9th Cir. 2009).

Similarly, an inmate complaining about staff misconduct need not exhaust further levels of review upon being deemed to have exhausted all available remedies, because once an investigation had been ordered at the second formal level under California's "staff complaint" process, the authorities lacked any remaining authority to act on the subject of the complaint. *Brown*, 422 F.3d at 937-40 (citing *Booth*, 532 U.S.

at 736 n.4).  By contrast, an inmate who was informed at the second formal level that his administrative appeal would be treated as a staff complaint, that any non-staff claims should be separately appealed, that if he were dissatisfied further review was available, and that the appeal was denied, rather than partially granted as with the first inmate, did not exhaust all available remedies.  *Brown*, 422 F.3d at 940-43.

The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal."  *Woodford v. Ngo*, 548 U.S. 81, 84 (2006).  "The text of 42 U.S.C. § 1997e(a) strongly suggests that the PLRA uses the term 'exhausted' to mean what the term means in administrative law, where exhaustion means proper exhaustion."  *Id.* at 92.  Therefore, the PLRA exhaustion requirement requires proper exhaustion.  *Id.*  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."  *Id.* at 90-91 (footnote omitted).

The filing of an untimely grievance or appeal is not proper exhaustion.  *See Woodford v. Ngo*, 548 U.S. at 83-84.  A prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court.  *Id.*  In California state prisons, the deadline for filing an administrative grievance is 15 working days from the date the administrative decision or action being complained of is taken.  *See* 15 Cal. Code Regs. § 3084.6(c); *Ngo v. Woodford*, 539 F.3d 1108, 1110 (9th Cir. 2008) ("*Ngo II*") (finding claims unexhausted where filed more than 15 working days after date of decision, i.e., after deadline in Cal. Code Regs. tit. 15, § 3084.6(c) had passed).  However, California prison regulations explicitly create an exception to the timely filing requirement if the inmate does not have the opportunity to file his grievance during the 15-day filing period.  *Marella*, 568 F.3d at 1027 (remanding for district court to consider whether plaintiff had the opportunity to file a grievance within 15 days after assault where his

injuries and subsequent segregation rendered grievance form inaccessible).  The appeals coordinator is only permitted to reject an untimely appeal if "[t]ime limits for submitting the appeal are exceeded *and* the appellant had the opportunity to file within the prescribed time constraints."  *Id.* (quoting Cal. Code Regs. tit. 15, §§ 3084.6(c) and 3084.3(c)(6) (emphasis added)).

**B.    Analysis**

Here, Plaintiff contends that he submitted an inmate appeal at the first level of review to the IAO at SVSP, but provides no evidence that he complied with the inmate administrative grievance process by filing an appeal to the second or third level of review, after he received no response at the first level.  Although Plaintiff wrote letters to the Warden of SVSP and the Director of CDCR in Sacramento complaining about the lack of a response after submitting a 602 at the first level of administrative review, both the Warden and the Chief of the Inmate Appeals Branch of CDCR informed him that his letter to them was not sufficient to exhaust the required appeals at each level of review and that he must return to the lower level of appeal to exhaust his complaint.

Plaintiff's July 8, 2008 letter from the Warden of SVSP specifically advised him that his letter did not constitute exhaustion of the complaint and advised him, "Please forward your appeal and supporting documents to the Appeals Coordinator."  Instead of resubmitting the appeal and supporting documents to the appeals coordinator at the first level of review as he had been advised to do, Plaintiff sent an interview request to the IAO, which did not include the appeal itself.  That is not sufficient to exhaust available administrative remedies.  When Plaintiff later wrote the Director of CDCR about the lack of response from the first level of review, the Chief of Inmate Appeals notified him in a letter of response on September 12, 2008 that his appeal could only be resolved after it had been completed through the second level of review by the warden.  After receiving the Chief's letter, Plaintiff again failed to resubmit his 602 to the first level of review at the prison.  While Plaintiff's evidence establishes that he attempted to submit

10

an appeal at the first level by placing it in the mail in June, 2008, the evidence submitted by Defendants in support of the motion establishes that the 602 was not received by that office and that Plaintiff was informed by the Warden and the Chief of Appeals that the appeals process was not complete.

Until such time as Plaintiff has been advised that no administrative remedies are available, Plaintiff must comply with the established appeal procedure by resubmitting his 602 to the first level of review through completion of all available administrative remedies. *See Brown*, 422 F.3d at 934-35; *Marella*, 568 F.3d at 1026. Defendants have established that at the time Plaintiff filed suit, all available administrative remedies had not been exhausted. Plaintiff had been informed by both the Warden of SVSP and the Chief of Inmate Appeals for CDCR that he must complete further exhaustion for his complaint to proceed.

Although Plaintiff complains that he did not properly exhaust at all levels because his efforts were frustrated by problems in SVSP's administrative appeal process, Plaintiff cannot avoid returning to the first level of review because he expects that exhaustion will be futile and that his appeal will not be granted. In order to complete the inmate administrative appeals process, he must return to the first level of review and complete such administrative remedies that remain available. If and when Plaintiff is informed that no further remedies remain available, the exhaustion process is complete and he may return to this Court. *McKinney*, 311 F.3d at 1199. Therefore, Defendants' motion is GRANTED (docket nos. 18, 21) and Plaintiff's complaint is dismissed without prejudice to re-filing after he has completed the administrative appeals process.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is GRANTED (docket nos. 18, 21) and Plaintiff's complaint is DISMISSED without prejudice. This order resolves all pending motions. The Clerk shall TERMINATE all pending motions as

11

1   decided by this order and enter judgment in this matter.

2       IT IS SO ORDERED.

3   DATED:  SEP 2 3 2010

4                                                    JEFFREY S. WHITE
5                                                    United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    12

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


DE'ARCEY J. STEWART,

            Plaintiff,

   v.

M.S. EVANS et al,

            Defendant.

_____/

Case Number: CV09-01527 JSW

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 23, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


De'Arcey Jamul Stewart
J15499
P.O. Box 5002
Calipatria, CA 92233


Dated: September 23, 2010

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk